J-A12040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.E.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.S., | |
| Appellant | No. 3279 EDA 2015 |

Appeal from the Order entered October 6, 2015,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s): No. 2011-30890

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 24, 2016**

Appellant, J.S. ("Mother"), appeals from the order entered on October 6, 2015, in the Court of Common Pleas of Montgomery County by Judge Gail Weilheimer, denying her petition for modification of the existing custody order and her petition for relocation, with respect to Mother's and Appellee's, M.E.W. ("Father"), children, H.A.W., (born in May of 2004), and K.A.W., (born in July 2006) (collectively "the Children").[1]  After careful review, we affirm.

The trial court set forth the extensive procedural and factual history of this case in its opinion accompanying the subject order, which the

_____

* Former Justice specially assigned to the Superior Court.
[1] Father has two children from a previous marriage, T.W. and A.W.  N.T., 9/30/15, at 5.  Mother also has two children from a previous marriage, E.C. and W.C.  N.T., 8/12/15, at 62.

testimonial and documentary evidence supports. As such, we adopt it herein. *See* Trial Court Opinion, 11/25/15, at 1-3.

On April 17, 2015, Mother filed a petition to relocate to the State of Massachusetts with the Children. On April 2, 2015, Father filed a counter-affidavit regarding the relocation. On August 12, 2015, and September 30, 2015, the trial court held hearings on Mother's petition. At the hearings, Dr. Colin Broom, Chief Executive Officer of Nabriva Therapeutics; Pamela King, head of business development for Hereditary Angioedema Association; Mother; Karleen Novotny, an in-class aid and Library Assistant at Coventry Christian School; P.C., a friend of Mother and Father; J.G., Father's nanny; A.H., Children's maternal grandmother ("Maternal Grandmother"); and Father testified. On October 6, 2015, the trial court denied Mother's petition to modify custody and request to relocate to the State of Massachusetts. If Mother decided not to move to the State of Massachusetts, the order further stated Mother and Father would continue to share legal and physical custody of the Children.

On October 29, 2015, Mother timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) and (b). The trial court filed a Rule 1925(a) opinion on November 25, 2015.

On appeal, Mother presents the following issues for our review:

1. Whether the trial court abused its discretion and committed an error of law when it misapplied the child custody and relocation

    laws by using a "substantial change in circumstances" standard, reaching a manifestly unreasonable result that is not supported by competent evidence?

    2. Whether the trial court abused its discretion and committed an error of law when it failed to consider all custody factors and before deciding the issues of relocation?

    3. Whether the trial court abused its discretion and committed an error of law in denying Mother's request to relocate with Children?

    4. Whether the trial court abused its discretion and committed an error of law when it failed to consider all of the evidence and contradictory testimony?[2]

Mother's Brief at 6.

Our scope and standard of review in custody matters are as follows.

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child.

---

[2] In her brief, Mother's last issue on appeal is combined with her third issue on appeal. Therefore, we do not need to address separately Mother's last claim.

***M.J.M. v. M.L.G.***, 63 A.3d 331, 334 (Pa.Super. 2013), *quoting* ***J.R.M. v. J.E.A.***, 33 A.3d 647, 650 (Pa.Super. 2011).

The primary concern in any custody case is the best interest of the child. The best-interest standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa.Super. 2006), *citing* ***Arnold v. Arnold***, 847 A.2d 674, 677 (Pa.Super. 2004).

Section 5337 applies to relocation requests, and provides as follows, in relevant part:

> **(h) Relocation factors.--**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:
>
> > (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
> >
> > (2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
> >
> > (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
> >
> > (4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S. § 5337(h).

In addition, the trial court in this case was required to consider the best interest factors set forth in section 5328, as follows:

**§ 5328. Factors to consider when awarding custody.**

**(a) Factors.** – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and

which party can better provide adequate physical safeguards and supervision of the child

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

As the party proposing relocation, Mother has the burden of proving that relocation will serve Child's best interest as set forth under Section 5337(h). *See* 23 Pa.C.S. § 5337(i)(1). Furthermore, "[e]ach party has the burden of establishing the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation." 23 Pa.C.S. § 5337(i)(2).

In her first issue, Mother argues that the trial court abused its discretion when it misapplied the child custody and relocation laws by using a "substantial change in circumstances" standard. Mother's Brief at 11. In this case, the trial court correctly recognized "the standard for review in the child custody matters is the 'best interests and welfare of the children[,]'" Trial Court Opinion, 11/25/16, at 6, and it applied that standard in the case *sub judice*. Notably, Mother fails to indicate in her brief where in the record the court's alleged application of an inappropriate standard is manifest. Therefore, the trial court did not abuse its discretion. *See M.J.M.*, 63 A.3d at 334.

In her second claim, Mother avers that the trial court abused its discretion and committed an error of law when it failed to consider all child custody factors and relocation factors before deciding the issue of relocation. Mother's Brief at 6. At the relocation hearing on September 30, 2015, the trial court listed and discussed all section 5328(a) best interest factors and section 5337(h) relocation factors. **See** N.T., 9/30/15, at 137-149. After the hearing, the trial court provided a written decision in which it listed all sixteen factors and analyzed those factors based on the evidence presented by the parties. **See** Trial Court Opinion, 11/25/15, at 8-16. Therefore, Mother's claim is without merit.

In Mother's third question presented on appeal, she raises two separate issues concerning both the 5328(a) best interest factors and section 5337(h) relocation factors. Mother argues that the trial court abused its discretion in denying Mother's petition to relocate and failing to consider all of the evidence and contradictory testimony. Mother's Brief at 6. In her brief, Mother argues the trial court's finding that the parents' have a history of co-parenting effectively and that they are equally involved in academic and extracurricular activities is not supported by the record.[3] **Id.** at 12. Mother also argues in her brief that the record does not support the trial court's findings as to section 5337(h)(1), the nature, quality, extent of

---

[3] We note that, although Mother does not provide citation to the relevant statute, this factor is relevant to relocation, pursuant to 23 Pa.C.S.A. § 5328(a)(3).

involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life; section 5337(h)(3), the feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties; 5337(h)(4), the child's preference, taking into consideration the age and maturity of the child; and 5337(h)(8), the reasons and motivation of each party for seeking or opposing the relocation. *Id.* at 16-23.

As to section 5328(a)(3), Mother avers that "Father's involvement in the academic extracurricular activities of the children is 'peripheral.'" *Id.* at 14.

The trial court explained

Mother and Father have a history of good co-parenting despite any personal issues that have occasionally arisen between them; their involvement in the children's academic and extra-curricular life appears to be evenly split. Each parent has an equally demanding career and needs to use third parties to care for the [C]hildren. Accordingly, both parties provide for childcare when unavailable to directly supervise the [C]hildren during their custody period. With that, the [trial c]ourt concluded to allow Mother to relocate and modify custody would ultimately interrupt the parties' ability to successfully co-parent[.]

Trial Court Opinion, 11/25/15, at 8.

Mother's issue on appeal seeks review of the trial court's finding of fact and credibility determinations. Our standard of review does not permit this Court to re-find facts, re-weigh evidence, or impeach the credibility

determinations of the trial court. We may only reject the trial court's conclusions if they involved an error of law or are unreasonable in light of the sustainable findings of the trial court. *See M.J.M.*, 63 A.3d at 334. We find no abuse of discretion.

In the second issue raised in Mother's third question presented, Mother argues that the trial court's finding, as to section 5337(h)(1), is not supported by the testimony. Specifically, Mother argues the trial court erred in concluding, "the Children would continue having similar contact and communication with half-siblings and extended family whether relocation and modification were granted or denied." Mother's Brief at 16. Mother also avers that the trial court erred, as to section 5337(h)(3), in concluding "the proposed relocation would have a 'substantial' effect on the [C]hildren's relationship with Father." Mother's Brief, at 18. With regard to section 5337(h)(4), Mother argues that the trial court erred in not considering the Children's preferences. Mother's Brief at 22. As to section 5337(h)(8), the reasons and motivation of each party for seeking or opposing the relocation, Mother contends that there was an "abundance of testimony" that showed "any alternative to relocation would not be possible or feasible." Mother's Brief at 18.

The trial court, applying section 5337(h)(1), found that "[the Children] would continue having similar contact and communication with half-siblings and extended family whether relocation and modification were granted or

denied." Trial Court Opinion, 11/25/15, at 9. The trial court noted that the Children's half-siblings, with the exception of E.C., are "living outside of the parties' respective residences." *Id.* Father's children from his previous marriage, A.W. and T.W., live in the State of Oklahoma and the State of Texas, and the Children's paternal grandparents live in the State of Idaho. N.T., 9/30/15, at 5-6. Moreover, Mother's children from her previous marriage attend and will be attending colleges in Philadelphia, Pennsylvania and Collegeville, Pennsylvania. N.T., 8/12/15, at 62. Maternal Grandmother lives in Ontario, Canada. N.T., 9/30/15, at 116.

As to section 5337(h)(3), the trial court found:

> [T]he proposed relocation is *at least* six (6) hours away and would have a substantial effect on the [C]hildren's relationship with Father. This relocation would displace the 50/50 custody arrangement that has successfully been in place since the parties' separation over three years ago. Further, it would be practically impossible for Father to continue his involvement, as it stands, in the [C]hildren's lives if relocation were granted to Mother, regardless if the parties shared traveling time. The [C]hildren's best interests are also not served through constant travel between their parents' homes, either by air or road, as it would ultimately detract from their academics, extracurricular, recreation, and time with the respective custodial parent.

Trial Court Opinion, 11/25/15, at 10 (citations omitted).

The trial court, applying section 5337(a)(4), found:

> I did not hear from the [C]hildren, and I did tell counsel at our pretrial conference that I would not permit the [C]hildren to testify regarding their preferences because this is not a decision for children to make, and I didn't want them to feel that burden in any way; so that was intentionally excluded from the [trial c]ourt's consideration.

N.T., 9/30/15, at 141-42.

> As to section 5337(h)(8), the trial court stated,
>
>> while Mother's reason for relocation is in good faith and due to the business decisions of her employer, the ultimate detriment to the [C]hildren outweighed Mother's motivations. The [C]hildren and/or parties would be forced to travel resulting in significant lost time with Father and disintegration of his close relationship with the [C]hildren, established during the marriage and through the 50/50 custody arrangement.

Trial Court Opinion, 11/25/1, at 11 (citations omitted). The trial court further found evidence of an alternative to Mother's relocation including:

> (i) Flexible work arrangements have existed and/or do exist for top employees in Mother's field according to Dr. Colin Broom, witness for Mother.
>
> (ii) The [trial c]ourt found Mother is a top employee[.]
>
> (iii) Pam King, Head of Business Development for the HAE Association, described the long process of developing expertise in various fields of clinical drug research including the position Mother currently holds. Ms. King's testimony also suggested, in her opinion, Shire would be motivated in retaining Mother because of her expertise and time within the company.
>
> (iv) Mother discussed already traveling to Massachusetts for work at the August 12, 2015 hearing, specifically mentioning Shire was "hot on [video teleconferencing] as well as teleconferences[.]" Furthermore, she admitted she has not asked Shire for any exceptions for remote working, e.g., telecommunication, as Shire would not give a decision until a final outcome in the present matter was reached.
>
> (v) Dr. Broom testified Mother could transfer to another company with similar title and/or job function, despite his belief it is more difficult in the Philadelphia region than other areas of the country.
>
> (vi) Although the [trial c]ourt found a financial benefit to Mother if relocation was granted, Mother clearly stated she is "not a

money person."  Thus, the [trial c]ourt's consideration of any of Mother's financial motivations for relocating is given less weight in its analysis of factor (8).

(vii) Finally, Mother portrayed a pattern of "five-year stints" in describing her work history in previous disease and drug research and early clinician experience.  In other words, Mother has accepted new employment about every five years.  This testimony suggested to the [trial c]ourt Mother will be able to find new employment, prevent the need for relocation, and/or has not diligently searched for other employment as an alternative to relocation.

Trial Court Opinion, 11/25/15, at 11-12 (citations omitted).

Moreover, the trial court found that Father "demonstrated sound financial reasoning for ultimately opposing relocation." *Id.* at 13.  Father is a podiatrist and his practice is located in Newport, Pennsylvania.  N.T., 9/30/15, at 7.  When Mother expressed her initial need to move to Boston, Massachusetts, Father traveled to Boston, Massachusetts to inquire what would be involved in relocating his practice to Boston.  *Id.* at 43.  Father also spoke to a friend who practices podiatry in the suburbs of Boston.  *Id.* Based on his inquires, Father concluded that moving his practice to Boston "was not in [his] best interest financially." *Id.* at 44.  The trial court found Father's testimony to be credible, and that he "seriously considered uprooting his practice to accommodate relocation despite his personal preference."  Trial Court Opinion, 11/25/15, at 13.

Ultimately, the trial court found:

Mother was unable to demonstrate modification and relocation would be in the [C]hildren's best interests, *e.g.*, enhancement to their lives per the relevant law or feasibility of a new custody

- 13 -

arrangement to preserve the [C]hildren's close relationship with Father. Alternatively, Mother failed to show benefits to the [C]hildren would outweigh the detriment of losing their close relationship with Father as it has always existed. The issue of modification arose solely from Mother's desire to relocate and meet the needs of her employer. Mother has not convinced the [trial c]ourt, while relocation is clearly beneficial to her, it is in the children's best interests.

Trial Court Opinion, 11/25/15, at 7. The trial court, in weighing the sum of the factors relevant to both section 5328 and section 5337, did not abuse its discretion in concluding that the Children's best interests weigh in favor of maintaining their current custody arrangement, and it did not abuse its discretion in denying Mother's request for relocation.

After review of the trial court's orders, opinion, and the certified record, we conclude that the trial court's findings are supported by competent evidence in the record and its conclusions are reasonable in light of the sustainable findings of the trial court. *See M.J.M.*, 63 A.3d at 334. As such, we discern no abuse of discretion in the trial court's ultimate conclusion.

Accordingly, for the foregoing reasons, we affirm the trial court's order denying Mother's petition to modify custody and Mother's petition for relocation, pursuant to 23 Pa.C.S.A. § 5337(h).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/24/2016</u>